1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                  FOR THE EASTERN DISTRICT OF CALIFORNIA
8
9   KELLY HESTER and ERIC HESTER,        )
                                         )
10              Plaintiffs,              )   2:10-cv-01931-GEB-DAD
11        v.                             )
                                         )   ORDER DENYING PLAINTIFFS'
    PHH MORTGAGE; REAL TIME              )   EX PARTE APPLICATION FOR A
12  RESOLUTIONS, INC.; NDEX WEST, LLC;   )   TEMPORARY RESTRAINING ORDER
    and DOES 1 through 100, inclusive    )
13                                       )
                Defendants.              )
14  _____)

15          Plaintiffs filed an ex parte application for a temporary

16  restraining order ("TRO") on July 21, 2010, in which they seek to

17  enjoin Defendants "from engaging in or performing any act to deprive

18  [them] of ownership or possession of the real property located at 225

19  La Loma Court, Roseville, CA . . ., [and] in particular, from

20  proceeding with the foreclosure sale of the Property now scheduled for

21  July, 27, 2010."  (TRO Application 1:17-27.)

22                          **I.  LEGAL STANDARD**

23          "Temporary restraining orders are governed by the same

24  standard applicable to preliminary injunctions." Pimentel v. Deutsche

25  Bank Nat. Trust Co., 2009 WL 3398789,*1 (S.D. Cal. 2009); see also

26  Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240

27  F.3d 832, 839 n.7 (9th Cir. 2001) (stating the standards for issuing a

28  TRO are "substantially identical" to those for issuing a preliminary

                                    1

injunction).  Therefore, "[a] plaintiff seeking a [TRO] must establish
that he is likely to succeed on the merits, that he is likely to
suffer irreparable harm in the absence of preliminary relief, that the
balance of equities tips in his favor, and that an injunction is in
the public interest."  _Am. Trucking Ass'n, Inc. v. City of Los_
_Angeles_, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting _Winter v._
_Natural Res. Def. Council, Inc._, --- U.S. ----, 129 S. Ct. 365, 374,
(2008)).  A TRO is "an extraordinary remedy that may only be awarded
upon a clear showing that the plaintiff is entitled to such relief."
_Winter_, 129 S. Ct. at 376.

## II.  BACKGROUND

Plaintiffs' complaint and TRO application do not contain
factual allegations that clearly explain the events underlying
Plaintiffs' claims.[1]  Plaintiffs allege they "purchased the [Roseville
property] and became the owners of legal title to the property using
funds acquired through a loan from Defendants."  (Compl. 4:1-2.[2])
While Plaintiffs do not allege when they purchased the Roseville
property, the Notice of Trustee's Sale that is attached to Plaintiffs'
TRO application indicates that Plaintiffs executed a deed of trust

---

[1]  Plaintiffs' complaint includes the allegations that subject
matter jurisdiction exists under both 28 U.S.C. § 1331 and § 1332.
However, Plaintiffs' diversity jurisdiction allegation that Defendants
are "based in" states other than California "is insufficient without an
allegation as to the state in which [Defendants are] incorporated and
that state in which [they have their] principal place of business."
_Veeck v. Commodity Enter., Inc._, 487 F.2d 423, 426 (9th Cir. 1973)
(citing 28 U.S.C. § 1332).

[2]  Plaintiffs' complaint does not comply with Federal Rule of
Civil Procedure 10(b), which requires "numbered paragraphs, each limited
as far as practicable to a single set of circumstances."  This Court has
apprised Plaintiffs' counsel of this Federal Rule at least once.  _See_
_Gumbs v. Litton Loan Servicing_, 2:09-cv-01159-GEB-GGH, Docket No. 32,
2:17-3:11.

securing their loan on May 5, 2005.  Plaintiffs allege they "became 90 days late on the loan," but do not allege precisely when this default occurred.  (Id. 4:9.)  Plaintiffs' other allegations suggest they defaulted on their loan some time in 2009 since they allege: "prior to becoming late, Plaintiffs contacted Defendant PHH MORTGAGE CORPORATION, to discuss a short sale.  Multiple offers were submitted to PHH in 2009.  PHH continually refused to respond to requests for assistance from Plaintiffs and failed to approve the short sale. [PPH] refused to explain its position to Plaintiffs and why it refused [to] respond to Plaintiffs' numerous requests."  (Id. 3:2-5, 4:9-13.) Plaintiffs further allege that "[e]ventually, on June 21, 2010, [Defendant] PHH did approve a short sale with a projected closing date of July 28, 2010.  However, on July 10, 2010, Plaintiffs received a Notice of Trustee's Sale from [Defendant] NDEX West with a sale date of July 27, 2010."  (Id. 4:15-17.)

### III.  DISCUSSION

#### A.  Likelihood of Success on the Merits

Plaintiffs argue they are entitled to a TRO enjoining the trustee's sale because the notice of default and notice of trustee's sale were "defective" and Defendant PPH did not comply with California Civil Code section 2943(c)(2).

**1.  "Defective Notices" Claim**

Plaintiffs argue the "time frames" provided by California Civil Code section 2924(a) ("section 2924(a)") were not complied with and the notice of trustee's sale was not properly served under California Civil Code section 2924f ("section 2924f").

"[T]he power of sale exercised by the trustee on behalf of the lender/creditor in nonjudicial foreclosures is a right authorized

solely by the contract between the lender and trustor as embodied in the deed of trust." Garfinkle v. Superior Court, 21 Cal. 3d 268, 277 (1978) (citations omitted).  However, the California legislature has established "certain minimum standards for conducting nonjudicial foreclosures . . . ." Id. at 278.  California Civil Code sections 2924 through 2924k "provide a comprehensive [statutory] framework for the regulation of a nonjudicial foreclosure pursuant to a power of sale contained in a deed of trust." Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994).  The Moeller court described this statutory scheme as follows:

> Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale.  The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee.  After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale.  After the 3-month period has elapsed, a notice of sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale.  The trustee may postpone the sale at any time before the sale is completed.  If the sale is postponed, the requisite notices must be given.

Id. (citations omitted).

Plaintiffs argue "the Notice of Default was not properly served" since the "time frames" provided in California Civil Code section 2924(a) "were not met."  (TRO Application 4:5-9.)

Section 2924(a)(2) requires that the trustee wait three months from the "filing of the notice of default" before proceeding with the foreclosure and providing the notice of sale.  The three month period commences when the notice of default is recorded.  See Knapp v. Doherty, 123 Cal. App. 4th 76, 91 (2004) (stating "after the notice of default is recorded, the trustee must wait three calendar

months before proceeding with the sale" (quoting <u>Moeller</u>, 25 Cal. App. 4th 830).

Here, Plaintiffs have not provided the date on which the notice of default was recorded nor otherwise explained how Defendants violated the timing requirements imposed by section 2924(a). Plaintiffs' conclusory statement that the "time frames were not met" is insufficient to demonstrate that Plaintiffs are likely to succeed on the merits of their section 2924(a) claim.

Plaintiffs also argue the notice of trustee's sale was not served on Plaintiffs twenty days prior to the trustee's sale as required by section 2924f. Plaintiffs provide the declaration of Plaintiff Kelly Hester in support of this argument, in which she declares "[t]he Notice [of Trustee's Sale] was not served on me until July 10, 2010." (Hester Decl. ¶ 6.)

Section 2924f requires that "at least 20 days before the date of sale," the "notice of the sale . . . shall be . . . post[ed] . . . in one public place in the city where the property is to be sold, . . . [published] in a newspaper of general circulation . . . [, and] posted in a conspicuous place on the property to be sold . . . ." Cal. Civ. Code § 2924f(b).

Plaintiffs have provided no authority supporting their argument that they should have been personally served with the notice of sale twenty days prior to the sale; nor have Plaintiffs shown that Defendants otherwise failed to comply with section 2924f when they provided the notice of trustee's sale. Accordingly, Plaintiffs have not shown that they are likely to succeed on the merits of their section 2924f claim.

//

**2.  California Civil Code Section 2943**

Lastly, Plaintiffs argue they are entitled to a TRO since Defendants violated California Civil Code section 2943(c)(2) ("section 2943(c)(2)") by not properly responding to their "short sale package" within 21 days.  Specifically, Plaintiffs argue Defendants "did not approve the short sale" within the required time. (TRO Application 3:16-17 (emphasis added).)

Section 2943(c)(2) provides:

> [A] beneficiary, or his or her authorized agent, shall, upon receipt of a short-pay request, prepare and deliver a short-pay demand statement to the person requesting it within 21 days of the receipt of the short-pay request.  A beneficiary, or his or her authorized agent that elects not to proceed with the transaction that is the subject of the short-pay request may refuse to provide a short-pay demand statement for that transaction, but shall provide a written statement to the person requesting it, indicating that the beneficiary elects not to proceed with the proposed transaction, within 21 days of the receipt of the short-pay request . . . .

Cal. Civ. Code. § 2943(c).

Plaintiffs, however, have not provided the specific date or dates on which the "short sale package" was submitted to Defendants nor have Plaintiffs pointed to any requirement in section 2943(c)(2) which requires approval of the short sale package within 21 days; section 2943(c)(2) merely requires either a "short-pay demand statement" or a "written statement" refusing the short-pay request if the beneficiary "elects not to proceed with the transaction that is the subject of the short-pay request."  Cal. Civ. Code § 2943(c)(2). Plaintiffs' counsel's vague declaration that an "approval was not issued" within 21 days is insufficient to make a "clear showing" that Plaintiffs are likely to succeed on their section 2943(c)(2) claim.

Winter, 129 S. Ct. at 376.  Further, Plaintiffs concede they received "requests for updated information" in response to their "qualified offers to purchase the property on a short sale basis," but fail to explain the precise content of this response and why this response was insufficient under section 2943(c)(2).  Accordingly, Plaintiffs have not demonstrated a likelihood of success on their section 2943 claim.

### B.  Irreparable Harm

Plaintiffs argue they will suffer irreparable harm absent the issuance of a TRO since "HESTER will lose her home," and "she may face liability to a second mortgage that would have been wiped out with approval of a short sale." (TRO Application 5:3-7.)  "Clearly, loss of a home is a serious injury." Alcaraz v. Wachovia Mortg. FSB, 592 F. Supp. 2d 1296, 1301 (E.D. Cal. 2009).  "However, whether a particular foreclosure constitutes irreparable harm turns in part on the reasons for foreclosure." Mandriques v. World Sav., Inc., No. C 07-4497 JF (RS), 2009 WL 160213, at *3 (N.D. Cal. 2009) (citing Parker v. United States Dep't of Agric., 879 F.2d 1362, 1367-68 (6th Cir. 1989)).

Here, Plaintiffs have not clearly explained the circumstances that led to their present predicament, nor why they failed to file a duly noticed motion for a preliminary injunction. Further, Eastern District Local Rule 231(b) states:

> In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order.  Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

Since Plaintiffs have not explained why they did not seek relief by motion for preliminary injunction at an earlier date, "the [C]ourt concludes the delay contradicts [P]laintiff[s'] allegations of irreparable injury . . . ."  Mammoth Specialty Lodging, LLC v. We-Ka-Jassa Inv. Fund, LLC, No. CIV S-10-0864 LKK/JFM, 2010 WL 1539811, at *2 (E.D. Cal. Apr. 16, 2010).

### C.  The Balance of Equities and the Public Interest

"The final two inquiries germane to an analysis of a TRO request are whether the balance of equities tips in Plaintiff[s'] favor and whether the public interest will benefit from the proposed injunction.  These factors may be viewed together."  Saba v. Caplan, No. C 10-02113 SBA, 2010 WL 2681987, at *5 (N.D. Cal. July 6, 2010) (citing Independent Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644, 657-58 (9th Cir. 2009)).

Plaintiffs argue the balance of equities and the public interest favor issuance of a TRO because "Defendants are still assured of recouping their principal" if a TRO is issued, and since there are "serious doubts as to the validity of the deed of trust," "the public interest is served by the protection of the borrower's home."  (TRO Application 5:11-26.)

Plaintiffs' argument concerning the validity of the deed of trust is conclusory and not supported by facts.  Further, while "the potential loss of Plaintiff[s'] home through foreclosure generally presents a hardship that weighs in [Plaintiffs'] favor[,] . . . in the instant case, the equities that might otherwise favor [Plaintiffs] are significantly counterbalanced by [Plaintiffs'] ostensibly conscious decision to delay" seeking relief.  Saba, 2010 WL 2681987, at *6; see also Charles Alan Wright, et al., Federal Practice and Procedure §

8

2946 (2d ed. 1995) (stating "the venerable maxim that 'equity aids the vigilant, not those who slumber on their rights'").  Moreover, Plaintiffs have failed to explain why the public interest favors injunctive relief which would halt a trustee's sale that appears to comply with the applicable statutory framework.  Plaintiffs, therefore, have not shown that either the balance of equities or the public interest tips in their favor.

### IV.   Conclusion

Since Plaintiffs have not shown that injunctive relief is warranted, Plaintiffs' application for an ex parte TRO is DENIED.

Dated:  July 23, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge